```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
KEITH BRISSETT, KENRICK GRANDISON,
SEAN MINGO, and JOHN CAMERON

                    Plaintiffs,

       -against-                                    COMPLAINT

CITY OF NEW YORK, DANIEL BYRNE,
STEPHAN MERCUS, KONSTANTIN
GENIN, and VINCENT IMPERATO,
                                                    PLAINTIFFS DEMAND
                    Defendants.                     A TRIAL BY JURY
-----------------------------------X
```

Plaintiffs Keith Brissett, Kenrick Grandison, Sean Mingo, and John Cameron, by their attorneys, Lumer & Neville, as and for their Complaint, hereby allege as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

1. At all times hereinafter mentioned, each of the plaintiffs were adult males and residents of Kings County in the State of New York.

2. At all relevant times hereinafter mentioned, defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

3. At all relevant times hereinafter mentioned, defendant Daniel Byrne, whose Shield Number is 8037, was employed by the City of New York as a member of the NYPD and was assigned to the Brooklyn Sought Gang Squad ("BSGS") with rank of

Detective. Byrne is sued herein in his official and individual capacities.

4. At all relevant times hereinafter mentioned, defendant Stephan Mercus, whose Tax Number is 939026, was employed by the City of New York as a member of the NYPD and was assigned to the Brooklyn Sought Gang Squad ("BSGS") with rank of Detective. Mercus is sued herein in his official and individual capacities.

5. At all relevant times hereinafter mentioned, defendant Konstantin Genin, whose Shield Number is 18055, was employed by the City of New York as a member of the NYPD and was assigned to the 63 Precinct with the rank of Police Officer. Genin is sued herein in his official and individual capacities.

6. At all relevant times hereinafter mentioned, defendant Vincent Imperato, whose Shield Number is 1070, was employed by the City of New York as a member of the NYPD and was assigned to the 63 Precinct with the rank of Police Officer. Imperato is sued herein in his official and individual capacities.

7. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

8. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the plaintiffs and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

9. On August 23, 2011, at or around 7:00 p.m., each of the plaintiffs was lawfully in or near Amersfort Park.

10. Amersfort Park is public park owned and/or operated by the City of New York through the New York City Parks Department.

11. Amersfort Park is a one square block in size, bordered by Avenues I and J, and East 38 and 39 Streets.

12. None of the plaintiffs were engaged in any criminal activity or activity that could reasonably be perceived as unlawful.

13. While they were present in or around the park, plaintiffs Brissett, Grandison, Mingo, and Cameron were each seized by members of the NYPD, handcuffed, and placed under arrest.

14. The plaintiffs were each taken to a local area precinct station house.

15. Plaintiffs' arrests were processed at the station house.

16. Eventually, plaintiffs Brissett, Grandison, and Mingo were transported to Kings County Central Booking, where they was imprisoned for many more hours until their arraignment in Criminal Court.

17. While plaintiffs was were imprisoned by the defendants, defendant Genin completed arrest paperwork in which he expressly claimed that defendant Mercus stated that he observed plaintiff Brissett with about 60 other people gathering in a gang-related meeting, that Mercus smelled marijuana, that he ordered plaintiff to disperse, and that plaintiff Brissett refused to comply.

18. While plaintiffs was were imprisoned by the defendants, defendant Byrne completed arrest paperwork in which he expressly claimed that defendant Mercus

stated that he observed plaintiff Grandison with about 60 other people gathering in a gang-related meeting, that Mercus smelled marijuana, that he ordered plaintiff to disperse, and that plaintiff Grandison refused to comply.

19.     While plaintiffs was were imprisoned by the defendants, defendant Byrne completed arrest paperwork in which he expressly claimed that defendant Mingo stated that he observed plaintiff Grandison with about 60 other people gathering in a gang-related meeting, that Mercus smelled marijuana, that he ordered plaintiff to disperse, and that plaintiff Mingo refused to comply.

20.     While plaintiffs was were imprisoned by the defendants, defendant Imperato issued plaintiff Cameron a Desk Appearance Ticket pursuant to arrest number K11682328, in which he expressly claimed that he observed plaintiff trespassing at 1062 East 40 Street.

21.     The individual defendants forwarded paperwork to the Kings County District Attorney ("KCDA") immediately following the arrest of plaintiffs and communicated with one or more prosecutors at the KCDA, at which time the defendants reiterated these factual allegations to the KCDA.

22.     These allegations were materially false and defendants knew them to be false at the they were made. With respect to Brissett, Grandison, and Mingo, none of the plaintiffs were present in the park illegally, none were present for "gang-related" activity, none were smoking marijuana, none were engaged in any criminal or illegal activity, and none refused a lawful order of the police to disperse.

23. With respect to Cameron, at no point did he trespass at 1062 East 40 Street, or anywhere else that day, and Imperato's claims to the contrary were materially false.

24. The defendants made and forwarded these false allegations to the KCDA in order to justify the arrests and to persuade the KCDA to commence the plaintiffs' criminal prosecutions.

25. The defendants knew that they lacked probable cause for plaintiffs' arrests and therefore fabricated evidence to create a basis for said arrests.

26. The defendants knew and understood that the KCDA, in evaluating whether to commence a criminal prosecution against the plaintiffs, was relying on the truthfulness of their statements, claims, and was assuming that all of the defendants' factual statements were truthful in all material respects.

27. As a direct result of these allegations by the defendants' plaintiffs Brissett, Grandison, and Mingo, were criminally charged by the KCDA under docket numbers 2011KN068430, 2011KN068561, and 2011KN068554, with one counts of disorderly conduct under New York Penal Law §240.20(6) for refusing to obey a lawful order of the NYPD.

28. On August 24, 2011, plaintiff Brissett was arraigned in Kings County Criminal Court, at which time he agreed to an Adjournment in Contemplation of Dismissal.

29. On August 25, 2011, plaintiffs Grandison and Mingo were arraigned in Kings County Criminal Court, at which time they each agreed to an Adjournment in Contemplation of Dismissal.

30.     Cameron was forced to appear in Criminal Court under docket 2011KN076970.

31.     On November 30, 2011, all charges were dismissed in Cameron's favor on the motion of the KCDA.

32.     At no time did either of the individual defendants attempt to modify their prior statements to their supervisors or to the KCDA concerning the circumstances surrounding the arrest of the plaintiff, nor did any of the defendants report to any person or entity the false statements made by their fellow officers.

33.     At no time did any of the individual defendants make any effort to intervene to prevent any of the other defendants from violating the plaintiffs' constitutional rights. None of the defendants sought to protect the plaintiffs from being falsely arrested, nor did any of the defendants take any steps whatsoever to intervene in their fellow officers' fabrication of evidence or malicious prosecution of plaintiff.

34.     That at all times relevant herein, the individual defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**

35.     Plaintiffs repeats the allegations contained in the preceding paragraphs above as though stated fully herein.

36.     Defendants knowingly and willfully arrested plaintiffs without probable

cause, fabricated evidence against them, forwarded this fabricated evidence to the KCDA for the sole purpose of initiating plaintiffs' criminal prosecutions, which in fact caused them to be prosecuted and deprived of liberty, and continued to maintain this falsified version of events, or failed to correct their fellow officers' falsified version of events, through the entirety of the criminal prosecution.

37. By so doing the individual defendants, individually and collectively, subjected the plaintiffs to false arrest and imprisonment, the denial of a fair trial through the fabrication of evidence, and, with respect to plaintiff Cameron, malicious prosecution, and thereby violated, and aided and abetted in the violation of plaintiffs' rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

38. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and economic injuries, mental anguish, the violation the deprivation of liberty, and the loss of their constitutional rights.

**SECOND CAUSE OF ACTION**

39. Plaintiffs repeats the allegations contained in the preceding paragraphs above as though stated fully herein.

40. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

41. Defendant had actual or constructive knowledge that there was

inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers, fabrication of evidence, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.  Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

42. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

43. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

44. The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and

supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

45.     The official policies, practices and customs of the City of New York and the NYPD alleged herein violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

46.     All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

47.     Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of the plaintiffs' rights in particular.

48.     By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, lost earnings, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against defendants jointly and severally as follows:

    i.    on cause of action one, actual and punitive damages in an amount to be determined at trial;

    ii.    on cause of action two, actual damages in an amount to be determined at trial;

    iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

    iv.    such other relief as the Court deems just and proper.

Dated:  August 22, 2014
            New York, New York

                                      LUMER & NEVILLE
                                      Attorneys for Plaintiffs
                                      225 Broadway, Suite 2700
                                      New York, New York 10007
                                      (212) 566-5060

                                      _____
                                      Michael B. Lumer (ML-1947)